*** Filed ***
06:50 PM, 13 Oct, 2026
U.S.D.C., Eastern District of New York

FORM 1

# NOTICE OF APPEAL

* * * * * * * * * * * *

UNITED STATES DISTRICT COURT
FOR THE
____________DISTRICT OF____________

Wendy Trudo Vs The Dpt of Education of New York, Melissa Aviles-Ramos Chancellor; and Katherine Rodi, Director of Employee Relations

NOTICE OF APPEAL

1:25-CV-01345
Docket No.

Notice is hereby given that Wendy Trudo (party)

hereby appeals to the United States Court of Appeals for the Second Circuit from the decision (describe it) The Covid-19 vaccine mandate was "a lawful condition of employment." Plaintiff, [a specialist in Telehealth for OT/PT] was unqualified for her position due to her non-compliance with the vaccine mandate; she pleads effect before cause with respect to her retaliation claim; The DOE determined that her requested accommodation would create undue hardship on the DOE; she received adequate process before being terminated by the DOE; and she had no fundamental right infringed upon.
entered in this action on the 24th day of September, 2026.

Signature: [signature]

Printed Name: Wendy Trudo

Address: 5 Shawe St.
Danbury, CT 06810

(203) 910-0840
Telephone No. (with area code)

Date: 10/7/2026

APPEAL,DECLINED−CONSENT,MJI,NPROSE,PROSENEF

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:25−cv−01345−HG−LKE

Trudo v. The Department of Education of the City of New York et al
Assigned to: Judge Hector Gonzalez
Referred to: Magistrate Judge Lara K. Eshkenazi
Cause: 28:1983 Civil Rights

Date Filed: 03/13/2025
Date Terminated: 08/13/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Wendy Trudo** | represented by | **Wendy Trudo**<br>5 Shawe Street<br>Danbury, CT 06810<br>Email: wendyt.otr@gmail.com<br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **The Department of Education of the City of New York** | represented by | **Laura Christine Williams**<br>NYC Law Department<br>100 Church Street<br>New York, NY<br>212−356−2435<br>Fax: 212−356−1148<br>Email: lawillia@law.nyc.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Craig Mungavin**<br>New York City Law Department<br>Labor and Employment<br>100 Church Street<br>New York, NY 10007<br>212−356−2420<br>Email: cmungavi@law.nyc.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Melissa Aviles−Ramos** | represented by | **Laura Christine Williams**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Craig Mungavin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Katherine Rodi** | represented by | **Laura Christine Williams**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Craig Mungavin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/2025 | 1 | COMPLAINT against Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York, filed by Wendy Trudo. (Attachments: # 1 Civil Cover Sheet) (SDM) (Entered: 03/18/2025) |
| 03/13/2025 | 2 | FILING FEE: $ 405.00, receipt number 100019752 (SDM) (Entered: 03/18/2025) |
| 03/13/2025 | 3 | Summons Issued as to Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (SDM) (Entered: 03/18/2025) |
| 03/18/2025 | 4 | Clerks Notice Re: Consent. A magistrate judge has been assigned as the presiding judge in this case as part of a Pilot Program, governed by EDNY Administrative Order 2023−23. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form is also available here: https://www.nyed.uscourts.gov/edny−direct−assignment−pilot−program. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. Unless all parties consent to the Magistrate Judge jurisdiction by the deadline set forth in the Administrative Order 2023−23, a District Judge will be assigned to the case. The parties are directed to review the terms of Administrative Order 2023−23 and other materials related to the Pilot Program on the Courts website: https://www.nyed.uscourts.gov/edny−direct−assignment−pilot−program. (SDM) (Entered: 03/18/2025) |
| 03/18/2025 | 5 | ORDER: Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff is directed to serve Defendants by **06/11/2025.** So Ordered by Magistrate Judge Lara K. Eshkenazi on 3/18/2025. (MED) (Entered: 03/18/2025) |
| 05/12/2025 | 6 | SUMMONS Returned Executed by Wendy Trudo. Melissa Aviles−Ramos served on 5/6/2025, answer due 5/27/2025; Katherine Rodi served on 5/6/2025, answer due 5/27/2025; The Department of Education of the City of New York served on 5/6/2025, answer due 5/27/2025. (SG) (Entered: 05/12/2025) |
| 05/20/2025 | 7 | NOTICE of Appearance by Laura Christine Williams on behalf of Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York (aty to be noticed) (Williams, Laura) (Entered: 05/20/2025) |
| 05/20/2025 | 8 | First MOTION for Extension of Time to File *answer or otherwise respond to the complaint* by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Williams, Laura) (Entered: 05/20/2025) |
| 05/21/2025 | | ORDER granting 8 Consent Motion for Extension of Time to File Answer. Defendants shall answer or otherwise respond to the Complaint by **7/11/2025**. So Ordered by Magistrate Judge Lara K. Eshkenazi on 5/21/2025. (MED) (Entered: 05/21/2025) |
| 07/03/2025 | 9 | MOTION for Extension of Time to File *answer or otherwise respond to the complaint* by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Williams, Laura) (Entered: 07/03/2025) |
| 07/07/2025 | | ORDER granting 9 Consent Motion for Extension of Time to File Answer. Defendants shall answer or otherwise respond to the Complaint by **8/25/2025**. So Ordered by Magistrate Judge Lara K. Eshkenazi on 7/7/2025. (DL) (Entered: 07/07/2025) |
| 08/27/2025 | 10 | Consent MOTION for Extension of Time to File *answer or otherwise respond to the complaint* by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Williams, Laura) (Entered: 08/27/2025) |
| 08/28/2025 | | ORDER granting 10 Consent Motion for Extension of Time to File Answer. Defendants shall answer or otherwise respond to the Complaint by **9/24/2025**. So Ordered by Magistrate Judge Lara K. Eshkenazi on 8/28/2025. (DL) (Entered: 08/28/2025) |
| 08/28/2025 | | NOTICE to Assign District Judge: The Clerk of Court is directed to reassign this case to a district judge. (MED) (Entered: 08/28/2025) |

| | | |
|---|---|---|
| 08/28/2025 | | Case reassigned to Judge Hector Gonzalez and Magistrate Judge Lara K. Eshkenazi. Magistrate Judge Lara K. Eshkenazi no longer assigned as presider to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (DA) (Entered: 08/28/2025) |
| 09/03/2025 | 11 | Letter MOTION for Extension of Time to File Response/Reply *to the Defendants' Answer. Pro Se PLaintiff also requests permission to upload documents to the Court pro se office. Filed* by Wendy Trudo. (CCF) (Entered: 09/03/2025) |
| 09/04/2025 | | ORDER: This case has been reassigned to the undersigned. In a recent letter to the Court, counsel for Defendants indicated an intent to file a motion to dismiss Plaintiff's complaint. *See* ECF No. 10 . Pursuant to Section IV.A of the Court's Individual Practices, Defendants shall first file a pre−motion letter, not to exceed three pages, setting forth the basis for the anticipated motion, on or before September 24, 2025. Plaintiff shall thereafter file a responsive letter that complies with Section IV.A of the Court's Individual Practices on or before October 1, 2025, which shall address whether Plaintiff believes the complaint can be amended to address the issues raised in Defendants' letter.<br><br>In light of this new scheduling order, the Court denies as moot Plaintiff's request for an extension. *See* ECF No. 11 . With respect to Plaintiff's request "to upload documents to the Court pro se office," the Court directs Plaintiff to the instructions on the Court's website regarding *pro se* plaintiffs' submission of electronic documents: https://www.nyed.uscourts.gov/pro−se−document−submission−and−consent−notifications.<br><br>The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at 5 Shawe Street, Danbury, CT 06810, and to note the mailing on the docket. Ordered by Judge Hector Gonzalez on 9/4/2025. (PN) (Entered: 09/04/2025) |
| 09/08/2025 | 12 | Pro Se Consent to Electronic Notification by Wendy Trudo. (CCF) (Entered: 09/09/2025) |
| 09/08/2025 | | Email Notification Test − DO NOT REPLY (CCF) (Entered: 09/09/2025) |
| 09/24/2025 | 13 | MOTION for pre motion conference re 1 Complaint by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Williams, Laura) (Entered: 09/24/2025) |
| 09/29/2025 | 14 | Letter MOTION for Leave to File Document . *Plaintiff requests permission to file an Amended Complaint, filed* by Wendy Trudo. (CCF) (Entered: 09/30/2025) |
| 10/06/2025 | | ORDER: The Court grants Plaintiff's request for leave to file an amended complaint, *see* ECF No. 14 , that attempts to address the issues raised in Defendants' pre−motion letter regarding Defendants' proposed motion to dismiss, *see* ECF No. 13 . Plaintiff has not previously amended the complaint, and Plaintiff has requested permission to amend less than 21 days after Defendants filed a pre−motion letter, as authorized by Rule 15(a)(1). The Court therefore denies Defendants' request for a pre−motion conference.<br><br>Plaintiff shall file an amended complaint on or before November 3, 2025. Defendants shall file a short letter on or before November 10, 2025, indicating whether Defendants intend to move to dismiss Plaintiff's amended complaint. Defendants' letter need not reiterate the legal and factual bases for Defendants' planned motion to dismiss, and Plaintiff shall not file a responsive letter.<br><br>If Defendants decide to move to dismiss Plaintiff's amended complaint, then Defendants shall file opening papers in support of the motion on or before December 3, 2025. Plaintiff shall file opposition papers on or before January 2, 2026, and Defendants shall file reply papers on or before January 16, 2026. The parties' motion papers shall comply with the page limits and other requirements described in Section IV.B of the Court's Individual Practices. Because Plaintiff is proceeding *pro se*, Defendants shall serve on Plaintiff concurrently with their motion: (1) copies of all cases or other authorities cited in their motion that are unpublished or reported exclusively on computerized databases, as required by Local Civil Rule 7.2; and (2) any notice required by Local Civil Rule 12.1. As a courtesy to the Court, Defendants shall also serve the Court's Individual Practices on Plaintiff. Defendants shall file a letter on the docket certifying their compliance with this Order on the day they file their motion, and the letter shall include the text of the Rule 12.1 notice provided to Plaintiff, if any. |

| | | |
|---|---|---|
| | | In light of Plaintiff's consent to email notification, *see* ECF No. 12 , the Court's staff is sending this Order, through the District's electronic filing system, to the email address provided by Plaintiff in the consent form. Ordered by Judge Hector Gonzalez on 10/6/2025. (GEM) (Entered: 10/06/2025) |
| 11/02/2025 | 16 | EXHIBITS by Wendy Trudo.Main Document − Exhibits 1−12 & Exhibit A; Attachment (1) − Exhibits 7−12 & Exhibit A (CCF) (Entered: 11/04/2025) |
| 11/03/2025 | 15 | AMENDED COMPLAINT against Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York, filed by Wendy Trudo. (CCF) (Entered: 11/04/2025) |
| 11/10/2025 | 17 | NOTICE of Appearance by Craig Mungavin on behalf of All Defendants (aty to be noticed) (Mungavin, Craig) (Entered: 11/10/2025) |
| 11/10/2025 | 18 | Letter MOTION to Dismiss for Failure to State a Claim *Intent Letter to Move to Dismiss Amended Complaint* by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Mungavin, Craig) (Entered: 11/10/2025) |
| 11/26/2025 | 19 | First MOTION for Extension of Time to File Answer *re: Opening Papers in Support of Motion to Dismiss the Amended Complaint and Combined Motion to File Excess Pages* by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Mungavin, Craig) (Entered: 11/26/2025) |
| 11/28/2025 | 20 | Letter MOTION for Extension of Time to File Response/Reply *as well as an approval to submit 35 pages; filed* by Wendy Trudo. (CCF) (Entered: 12/03/2025) |
| 12/03/2025 | | ORDER: Defendants' request for an extension of time to December 17, 2025, to file their response to the amended complaint is GRANTED. Defendants' request to enlarge the page limit of their brief to 35 pages is likewise GRANTED. *See* ECF No. 19 . The Court further GRANTS Plaintiff's request for a corresponding extension to January 20, 2026, to file her opposition, and to enlarge the page limit of her opposition brief to 35 pages. *See* ECF No. 20 .<br><br>The Court's staff is sending this Order, through the District's electronic filing system, to the email address provided by Plaintiff in the consent form. Ordered by Judge Hector Gonzalez on 12/3/2025. (GEM) (Entered: 12/03/2025) |
| 12/17/2025 | 21 | MOTION to Dismiss for Lack of Jurisdiction *as to Defendants Aviles−Ramos and Rodi*, MOTION to Dismiss for Failure to State a Claim by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Mungavin, Craig) (Entered: 12/17/2025) |
| 12/17/2025 | 22 | MEMORANDUM in Support re 21 MOTION to Dismiss for Lack of Jurisdiction *as to Defendants Aviles−Ramos and Rodi* MOTION to Dismiss for Failure to State a Claim filed by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Mungavin, Craig) (Entered: 12/17/2025) |
| 12/17/2025 | 23 | Letter *certifying compliance with Court's October 6, 2025 order* by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York (Mungavin, Craig) (Entered: 12/17/2025) |
| 12/19/2025 | | ORDER: The Court terminates the gavel associated with ECF No. 18 , as that letter simply explains Defendants' intent to move to dismiss Plaintiff's amended complaint, and the operative motion is at ECF No. 21 . Ordered by Judge Hector Gonzalez on 12/19/2025. (GEM) (Entered: 12/19/2025) |
| 01/19/2026 | 25 | RESPONSE in Opposition re 21 , MOTION to Dismiss. Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint filed by Wendy Trudo. (CCF) (Entered: 01/22/2026) |
| 01/20/2026 | 26 | EXHIBITS 13−15 filed by Wendy Trudo. (Attachments: # 1 Exhibits 16−18) (CCF) (Entered: 01/22/2026) |
| 01/22/2026 | 24 | Consent MOTION for Extension of Time to File Response/Reply as to 21 MOTION to Dismiss for Lack of Jurisdiction *as to Defendants Aviles−Ramos and Rodi* MOTION to Dismiss for Failure to State a Claim by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Mungavin, Craig) (Entered: |

| | | |
|---|---|---|
| | | 01/22/2026) |
| 01/25/2026 | | ORDER: Defendants' request for an extension of time to February 17, 2026, to file their reply brief in further support of their motion to dismiss Plaintiff's amended complaint is GRANTED. *See* ECF No. 24 . Ordered by Judge Hector Gonzalez on 1/25/2026. (GEM) (Entered: 01/25/2026) |
| 02/13/2026 | 27 | REPLY in Support re 21 MOTION to Dismiss for Lack of Jurisdiction *as to Defendants Aviles−Ramos and Rodi* MOTION to Dismiss for Failure to State a Claim *Defendants Reply Memorandum of Law* filed by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Mungavin, Craig) (Entered: 02/13/2026) |
| 08/12/2026 | 28 | ORDER: For the reasons set forth in the accompanying Order, the Court GRANTS Defendants' motion to dismiss, ECF No. 21 , and DISMISSES Plaintiff's Amended Complaint, ECF No. 15 , in its entirety. Plaintiff's federal claims are dismissed with prejudice pursuant to Rule 12(b)(6). The Court declines to exercise subject matter jurisdiction over Plaintiff's state and city law claims and dismisses those without prejudice. Because the Court concludes that Plaintiff's claims must be dismissed pursuant to Rule 12(b)(6), the Court does not reach Defendants' additional arguments for dismissal under Rule 12(b)(5).<br><br>Although Plaintiff paid the filing fee, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444−45 (1962). The Clerk of Court is respectfully directed to enter judgment consistent with this Order, close this case, mail a copy of this Order to *pro se* Plaintiff, and note the mailing on the docket. Ordered by Judge Hector Gonzalez on 8/12/2026. (WCB) (Entered: 08/12/2026) |
| 08/13/2026 | 29 | CLERK'S JUDGMENT: that judgment is entered in favor of Defendants; pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; and in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444−45 (1962). Signed by Deputy Clerk, Jalitza Poveda, on behalf of Clerk of Court, Brenna B. Mahoney, on 8/13/2026. (JP) (Entered: 08/13/2026) |
| 09/09/2026 | 30 | MOTION to Vacate *Judgment dated 8/13/2026* . MOTION for Leave to File Second Amended Complaint. Filed by Pro Se Plaintiff, Wendy Trudo. (Attachments: # 1 − Motion, # 2 − Exhibit (E−Mail), # 3 − Exhibit (Fact Sheet)) (CCF) (Entered: 09/10/2026) |
| 09/16/2026 | 31 | Consent MOTION for Extension of Time to File Response/Reply *re: Defendants' Opposition to Plaintiff's Motion for Relief from Judgment* by Melissa Aviles−Ramos, Katherine Rodi, The Department of Education of the City of New York. (Mungavin, Craig) (Entered: 09/16/2026) |
| 09/23/2026 | | ORDER: The Court denies Defendants' extension request as moot, *see* ECF No. 31 , as the Court has all of the information it needs to rule on Plaintiff's Rule 60(b) motion without an opposition from Defendants and will do so in short order. Ordered by Judge Hector Gonzalez on 9/23/2026. (GEM) (Entered: 09/23/2026) |
| 09/24/2026 | | ORDER: *Pro se* Plaintiff Wendy Trudo's motion to vacate the Court's order dismissing her case, *see* ECF No. 28 , pursuant to Federal Rule of Civil Procedure 60(b), and for leave to file a second amended complaint under Rule 15(a)(2), is DENIED, *see* ECF No. 30 . The Court assumes the parties' familiarity with Plaintiff's claims, which arise from Defendants' denial of Plaintiff's request for a religious exemption from the COVID−19 vaccine mandate and their subsequent termination of her employment after her failure to comply with the mandate.<br><br>Under Rule 60(b), "the court may relieve a party... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Rule 60(b) is not a vehicle to relitigate issues already decided, but rather "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates |

exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Here, Plaintiff raises each of the enumerated Rule 60(b) grounds as a basis for the Court to vacate its order. *See* ECF No. 30−1 at 2. The Court addresses each in turn and concludes that none warrants vacating the dismissal.

First, Plaintiff invokes Rule 60(b)(1), which provides relief for "mistake, inadvertence, surprise, or excusable neglect." Under this subsection, "a district court may correct its own mistakes that are of a substantive legal nature... and its own mistake[s] of fact." *Castro v. Bank of New York Mellon*, 852 F. App'x 25, 28 (2d Cir. 2021). Rule 60(b)(1) does not, however, "provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Francis v. Culley*, No. 20−cv−3326, 2021 WL 3660719, at *11 (E.D.N.Y. Aug. 18, 2021). Here, Plaintiff alleges that: the Court's order includes "multiple errors of law and outrageous mistakes," ECF No. 30−1 at 3; the Court incorrectly accepted Defendants' contention that they would have faced an "undue burden" had they granted Plaintiff's exemption request, *id.* at 6−8; the Court wrongly "accept[ed] whatever the Defendants submitted," such as their assertion that the Individual Defendants were not properly served, *id.* at 8−9; the Court erred in "silent[ly] approv[ing]" Defendants' alleged practice of denying religious accommodation requests without individualized review, *id.* at 9; the Court improperly considered the vaccine a lawful condition of employment, meaning Plaintiff was no longer qualified for her position after she refused the vaccine, *see id.* at 10, 13; and the Court incorrectly "denied Plaintiff's equal protection claim because [it] compared her employment to employees who did not work for the DOE," *id.* at 10. Plaintiff identifies no factual errors, and to the extent she argues that the Court made substantive legal errors, she is merely relitigating points already carefully considered by the Court. With respect to Plaintiff's argument that the Court should not have accepted Individual Defendants' assertion that they were improperly served, the Court notes that it explicitly did not address, and therefore took no position on, that argument. *See* ECF No. 28 at 8. For these reasons, Plaintiff's motion to vacate the dismissal on Rule 60(b)(1) grounds is denied.

Second, Plaintiff relies on Rule 60(b)(2), which provides relief on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or in other words, within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(b). "Evidence that is contained in the public records at the time of the initial judgment cannot be considered newly discovered evidence." *Ramos, ex rel. Arias v. Matke Realty, Ltd.*, No. 98−cv−3582, 1999 WL 61437, at *3 (S.D.N.Y. Feb. 4, 1999). Here, Plaintiff references two supposedly new pieces of evidence: (1) a series of emails among City officials between September 20 and September 22, 2021, discussing the drafting of a memorandum concerning exemption requests from the vaccine mandate, *see* ECF No. 30−2 (Exhibit A); and (2) a fact sheet for healthcare providers administering the COVID−19 vaccine, *see* ECF No. 30−3 (Exhibit B). However, both exhibits are public records that existed, and were discoverable through due diligence, well before the dismissal of this case. The emails in Exhibit A were released around February of 2026. *See Matter of Wagner*, 250 N.Y.S.3d 182 (2026). The Court dismissed this case on August 12, 2026, *see* ECF No. 28 , and judgment was entered the next day, *see* ECF No. 29 . Thus, Plaintiff had approximately six months to bring this evidence to the Court's attention but failed to do so. As for Exhibit B, Plaintiff concedes that the fact sheet is "a matter of public record." ECF No. 30−1 at 25−26. And the notation at the bottom of the fact sheet indicates that it has been publicly available since at least December 2020. *See* ECF No. 30−3, footer ("Revised: 12/2020"). Accordingly, neither Exhibit A nor Exhibit B can be considered new evidence for purposes of Rule 60(b)(2), and the Court therefore denies Plaintiff's Rule 60(b)(2) motion.

Third, Plaintiff cites Rule 60(b)(3), which provides relief where there is "fraud... misrepresentation, or misconduct by an opposing party." "A Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations[.]" *Entral Grp. Int'l, LLC v. 7 Day Cafe & Bar*, 298 F. App'x 43, 44 (2d Cir. 2008) (citing *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). To prevail, "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting [her] case." *Id.* (citing *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004)). Here, Plaintiff argues that: she "deserves... relief from the unjustified deprivation of Constitutional rights deliberately caused by [Defendants]," ECF No. 30−1 at 2; "Defendants hid the fact that they never had the lawful right to force her to get vaccinated," *id.* at 3; "Defendants secured [the judgment] through false assertions and

| | | |
|---|---|---|
| | | concealment of material facts," *id.*; Defendants lied about DOE policy, *see id.* at 6; "Defendants concealed... information in order to pursue terminating Plaintiff and other DOE employees" *id.* at 8; Individual Defendants lied about not being properly served, *see id.* at 8−9; "[a]t no time did Defendants inform Plaintiff or anyone submitting medical or religious accommodation requests that the vaccines were Emergency Use Authorization (EUA)," which "is fraudulent concealment," *id.* at 16; and Plaintiff was subjected to discrimination and retaliation "caused by [Defendants'] deceit, lies and innuendoes of alleged facts which held no substance in truth," *id.* at 26. As these allegations are either conclusory, immaterial, or both, the Court finds that Plaintiff falls far short of presenting clear and convincing evidence of material misrepresentations. Thus, her Rule 60(b)(3) motion is denied.<br><br>Fourth, Plaintiff seeks relief under Rules 60(b)(4) and 60(b)(5), which provide relief where, respectively, "the judgment is void," and where "applying [the judgment] prospectively is no longer equitable." Plaintiff asserts that the Court's alleged errors and the supposedly "newly discovered information... make the judgment null and void and no longer equitable." *Id.* at 4. Plaintiff further asserts that the "judgment is inequitable [because] Defendants secured it through false assertions and concealment of material facts." *Id.* at 3. As Plaintiff puts forth no independent basis for these motions, the Court denies them for the same reasons it denied Plaintiff's motions under Rules 60(b)(1), (2), and (3).<br><br>Fifth, Plaintiff invokes Rule 60(b)(6), which provides relief for "any other reason that justifies relief." *Id.* at 2. Because Plaintiff does not specify what this "other reason" is beyond the reasons she already articulated, the Court denies this motion. *See ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) ("Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply[.]").<br><br>Finally, although the Court already denied Plaintiff further leave to amend, *see* ECF No. 28 at 23−24, Plaintiff seeks leave to file a second amended complaint, *see* ECF No. 30−1 at 23−26. "It is well established that a party seeking to file an amended complaint post−judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020). Because the Court is denying Plaintiff's motion to vacate, the Court likewise denies Plaintiff's request for leave to amend the complaint.<br><br>For these reasons, Plaintiff's motion to vacate the Court's order dismissing this case, and to amend her complaint, is DENIED. *See* ECF No. 30 . The Court's staff is sending this Order, through the District's electronic filing system, to the email address provided by Plaintiff in the consent form. Ordered by Judge Hector Gonzalez on 9/24/2026. (Entered: 09/24/2026) |
| 10/13/2026 | 32 | NOTICE OF APPEAL as to Order on Motion to Vacate, Order on Motion for Leave to File, by Wendy Trudo. (VJ) (Entered: 10/14/2026) |
| 10/13/2026 | | APPEAL FILING FEE DUE re 32 Notice of Appeal Payment in the amount of $605.00, can be made in person to the clerks office, or mailed in or paid online with the event *Civil Case Appeal Filing Fee*. (VJ) (Entered: 10/14/2026) |
| 10/14/2026 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 32 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 10/14/2026) |